## COLLINS v. HUBSHMAN et al.

District Court, S. D. New York.
May 16, 1939.

790

Robert P. Levis, of New York City, for complainant.

Joseph Dannenberg, of New York City (Julius M. Arnstein, of New York City, of counsel), for defendants.

CONGER, District Judge.

This is a motion addressed to the complaint. The defendants move to dismiss the complaint on several grounds which will be discussed in order.

The first is to dismiss the complaint upon the ground that the Court has not jurisdiction of the subject matter of the action; the second is to dismiss the complaint upon the ground that the plaintiff has not legal capacity to sue, and is not the proper party plaintiff. These will be considered together.

The defendants claim that (Paragraph "IV" of the complaint) the Level Manufacturing Corporation has no standing in this Court because, as set forth in the complaint, it is alleged that the plaintiff trustee is such a trustee by reason of a proceeding which was commenced by the filing of a petition for the reorganization, pursuant to Section 77B of the old Bankruptcy Act, 11 U.S.C.A. § 207, of the said Level Manufacturing Corporation; this petition being filed on or about October 14, 1938; the defendants' contention being that since September 22, 1938, there has been no Section 77B, and therefore the reorganization is not a proper reorganization and therefore the trustee appointed in the said proceeding has no standing in Court, and that the Court had no power to entertain such petition for reorganization after September 22, 1938.

I cannot agree with the defendants in this contention. As alleged in the complaint, the Level Manufacturing Corporation was a subsidiary of a corporation known as the Ryder Hat Co., Inc., both corporations having existed by and under the laws of the state of Connecticut; that prior to September 22, 1938, a petition for reorganization of the said Ryder Hat Co., Inc., was filed in the office of the Clerk of the United States Court for the District of Connecticut, which petition was duly approved and filed by order of the United States District Court made on September 14, 1938, so that prior to September 22, 1938 the Ryder Hat Co., Inc., was duly and properly being reorganized pursuant to Section 77B of the Bankruptcy Act.

It appears from the complaint that the Level Manufacturing Corporation, being unable to meet its obligations, desired to effect a plan of reorganization "in connection with or as part of the plan of reorganization of Ryder Hat Co., Inc." It coming fairly within the provisions of Section 77B of the Bankruptcy Act and of the new Bankruptcy Act, in that the majority of the capital stock of the Level Manufacturing Corporation having power to vote for the election of directors is directly or indirectly owned by the said Ryder Hat Co., Inc., it appears from the complaint that it was a subsidiary of the Ryder Hat Co., Inc., and a selling agent therefor.

It seems to me that this proceeding was properly instituted and as a matter of fact, it makes no difference whether it was a reorganization pursuant to Section 77B or pursuant to Section 129 of the new Bankruptcy Act, 11 U.S.C.A. § 529. The reorganization of the Level Manufacturing Corporation was entirely in connection with an existing reorganization, to wit, the Ryder Hat Co., Inc., which was properly in reorganization, and this reorganization was in connection therewith, and ancillary to the existing Ryder Hat Co., Inc. proceeding. At any rate, it received the sanction of the Court and the reorganization was approved by an order of the United States District Court for the District of Connecticut on October 14, 1938.

Under those circumstances, I feel that I have not the authority to set aside the proceeding and I therefore deny the defendants' motion on these points.

■ The defendants' third objection to the complaint is that it does not state facts sufficient to constitute a cause of action. I am satisfied that the complaint does set forth a cause of action.

This is an action for an accounting. The Level Manufacturing Corporation and the defendants had an agreement between them by which the manufacturing corporation's outstanding accounts would be assigned to the defendants and that the defendants would loan or advance on the security of the accounts so assigned. The complaint alleges the agreement between the parties, the assignment of outstanding accounts to the defendants; that the defendants collected most of the outstanding accounts and that they withheld from the plaintiffs the profits so received and refused to account and pay over to the plaintiff, monies received by the defendants, and further alleges that the defendants have, in their possession, monies in excess of $6,000, which the plaintiff contends and claims belong to the Level Manufacturing Corporation; that the defendants hold and refuse to pay over monies belonging to the plaintiff which the defendants received pursuant to the contract and which monies, pursuant to the contract, between the parties, belonged to the Level Manufacturing Corporation.

It is a simple action in accounting; the facts are fairly well set forth. The complaint simply sets up a factoring agreement without pleading the figures, and asks that the defendants account for what they received and for what they have charged to the plaintiff for their services and asks the defendants to transfer back any uncollected accounts and pay over any balance found due.

It seems to me that the complaint conforms to the New Rules and sets forth in simple language, the agreement between the parties, and the fact that money is due to the plaintiff herein. Motion denied on this point.

■ The defendants also ask that all reference in the complaint, to the Ryder Hat Co., Inc., be struck out on the ground that the matter is irrelevant, redundant, unnecessary and may tend to prejudice or embarrass the defendants. The motion is denied in that respect. In view of the theory of the plaintiff's action herein, this allegation is an essential, necessary and material allegation in the complaint.

■ As a fifth objection to the complaint, the defendants ask that plaintiff be directed to serve an amended complaint, separately stating and numbering the causes of action. I am satisfied there is only one cause of action alleged. There were two agreements made between the manufacturing corporation and the defendants. The second one is set forth in detail. The first one is not, but the allegation of the complaint is that when the second agreement was made, there had been transferred to the defendants under the original contract, outstanding accounts in the amount of approximately $7,900, upon which the Level Manufacturing Corporation had received no loan, and that the new agreement began and contemplated the $7,900 of accounts which had previously been assigned and that therefore an accounting under the second agreement set forth in the complaint embraces and takes in the said assigned accounts of $7,900. This being an accounting action and under the two agreements, the same parties being interested, I am satisfied there is only one cause of action set forth. Motion denied on this point. Submit order on notice.